NUMBER
13-10-00415-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

$1,669 IN UNITED
STATES CURRENCY,
                                Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                 Appellee.


____________________________________________________________

 

                           On
appeal from the 170th District Court 

                                    of
McLennan County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

                      Before
Justices Garza, Benavides, and Vela

Memorandum Opinion
Per Curiam

 








This
Court received appellant’s notice of appeal on August 9, 2010.  On August 9,
2010, the Clerk of this Court notified appellant that the notice of appeal
failed to comply with Texas Rule of Appellate Procedure 25.1(d)(2) and (e).  See
Tex. R. App. P. 25.1(d)(2), (e). 
The Clerk directed appellant to file an amended notice of appeal with the
district clerk's office within 30 days from the date of that notice.  On November
1, 2010, the Clerk sent a notice to appellant that the defects had not been
corrected and warned appellant that the appeal would be dismissed if the defects
were not cured within ten days.  The notice was sent to appellant's last known
address at the McLennan County Jail; however, the notice was returned because
the addressee is “not at this address.”  The Court contacted the McLennan
County Jail in an attempt to obtain a forwarding address, but was informed that
a forwarding address is not available.

Texas
Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any
document filed and "give the party's mailing address, telephone number,
and fax number, if any."  See Tex.
R. App. P. 9.1(b).  Appellant has neither provided this Court with a
forwarding address or taken any other action to prosecute this appeal. 

Rule
42.3 permits an appellate court, on its own initiative after giving ten days'
notice to all parties, to dismiss the appeal for want of prosecution or for
failure to comply with a requirement of the appellate rules. See id.
42.3(b), (c).  Rule 2 authorizes an appellate court to suspend a rule's
operation in a particular case to expedite a decision. See id. 2.  Given
the length of inactivity in this appeal and this court's inability to give
effective notice to appellant during the period of inactivity, we suspend Rule
42.3's requirement of ten days' notice to all parties, and dismiss the appeal
on our own motion.  See id. 42.3(b), (c).

PER
CURIAM

Delivered and filed the 

13th day of January, 2011.